[Crim. No. 13063.   Second Dist., Div. One.   Dec. 5, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. GEORGE M. SWEETING, Defendant and Appellant.

Joseph A. Dubiel, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Elizabeth Miller and Mark W. Jordan, Deputy Attorneys General, for Plaintiff and Respondent.

FOURT, J.—This is a purported appeal from a judgment and an appeal from an order denying a motion for a new trial.

In an information filed in Los Angeles on August 31, 1966, defendant was charged with grand theft in that on July 19, 1966, he feloniously took property of a value in excess of $200 from another. Defendant pleaded not guilty. It was stipulated that the cause be submitted upon the transcript of the testimony taken at the preliminary hearing. ▮ Defendant was found guilty as charged. A motion for a new trial was denied. It was made to appear to the court that defendant was addicted to the use of narcotics or in imminent danger of becoming addicted to narcotics and criminal proceedings were adjourned. It was ordered by the judge that an appropriate petition be filed in Department 95 pursuant to the provisions of section 3051, Welfare and Institutions Code. No application for probation was made as his counsel stated it "[w]ould just be a waste." Defendant had been "committed by two other Courts already" (to C.R.C.) and counsel for defendant anticipated that the judge in this case "would probably do the same thing."

A notice of appeal from the "judgment of conviction," and the order denying the motion for a new trial were timely filed. No judgment has been made in the case. The order denying the motion for a new trial is, under the circumstances, appealable.

A résumé of some of the facts is as follows: Robin Jones, a student, was in the vicinity of J. W. Robinson's Department Store in the valley area on July 19, 1966, at about 4:30 or 5 p.m. and saw defendant leave the rear entrance of the store with an armload of suits (8 or 10). Defendant ran across the street into a parking lot, got into a car and drove away. Karl Trinkley was with Jones and saw defendant with the suits. Trinkley called out, "Stop, thief," and defendant thereupon ran to the parking lot, got into a red Rambler station wagon, license number JQM 193 and drove away. Trinkley reported the incident to persons inside the store. About 4:45 p.m. 10 garments or suits of the value of about $1,100 were gone from the rack in the store. There was no accounting for the missing suits nor had any permission been given to remove the suits.

▮ Appellant now contends in effect that the eyewitnesses did not positively and without reservation identify him as the thief.

Jones pointed to the defendant in the courtroom and said,

"I am pretty sure it is." Trinkley said he was "pretty sure" that the defendant in court was the person he had seen running to his car with the clothing.

 The degree of the positivism of identification goes to the weight of the testimony.

In *People* v. *Robarge*, 111 Cal.App.2d 87, 98 [244 P.2d 407], it is said: ". . . The fact that a witness was not positive does not destroy the value of the identification. It is not necessary that the identification be made in positive terms by any of the witnesses."

There can be no question but that 10 suits were missing from the store merchandise inventory at about the time in question and that appellant with about 10 suits on his arm started running when Trinkley called out, "Stop, thief."

Flight is consistent with consciousness of guilt. (*People* v. *Smith*, 184 Cal.App.2d 606, 610 [7 Cal.Rptr. 607].)

The evidence amply supports the determinations of the trial court.

The attempted appeal from the nonexistent judgment is dismissed.

The order denying the motion for a new trial is affirmed.

Wood, P. J., and Lillie, J., concurred.